IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| CLIFFORD DANIEL DELGER, | ) | Cause No. CV 06-15-BU-RFC-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| S.T.A.R.T. PROGRAM OF | ) | |
| COMMUNITY COUNSELING, and | ) | |
| CORRECTIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

On March 6, 2006, Plaintiff Clifford Delger moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted in a separate Order. Delger is a state prisoner proceeding pro se.

On October 30, 2006, Delger submitted an inmate account statement and a letter directed to the Clerk of Court.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.   28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. §

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Delger's Allegations

Delger contends that he has been discriminated against because of his mental health problems. On September 13, 2005, he was

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

sentenced to serve five years in prison for theft.  *See* CON Network, http://www.app.mt.gov/conweb.  He was placed in the START program at Warm Springs, Montana, on December 27, 2005, where he was supposed to be screened before being accepted.  On December 28, 2005, he was placed in isolation, and shortly thereafter, he was handcuffed, shackled, and transferred to Montana State Prison, where he was placed on suicide watch.  He was told that START could not help him because he was a suicide risk and that he had threatened suicide, though he says he did not.  Delger explains that he was not physically injured, but he will be in prison for a year or more, while he could have been released from Warm Springs within 120 days.  He says that he is not emotionally stable most of the time and will not receive at MSP the treatment he could have obtained in the START program.  *See* Compl. at 4-5, ¶¶ IV-V.

For his relief, Delger seeks compensation for wages he has lost due to being in prison.  He also wants the START program to change because he was originally accepted for his mental health problems, but then was turned away for the same reason.  He wants the people who run the START program to acknowledge they were wrong and to write a letter to that effect.  *Id*. at 5-6, ¶ VI.

**III. Analysis**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

While persons who require mental health treatment are constitutionally entitled to such treatment under certain circumstances, it is clear that the START program was not required to accept Delger and did not provide inadequate treatment or deprive him of any constitutional or other federal right under the circumstances alleged in the Complaint. "[T]he state enjoys wide latitude in developing treatment regimens." *Sharp v. Weston*, 233 F.3d 1166, 1171 (9th Cir. 2000). That Delger is believed to be a suicide risk is a permissible, rational basis for declining to admit him to the program. While he obviously disagrees with the claim that he was a suicide risk, he does not assert that anyone in the START program denied him placement in the program for a constitutionally impermissible reason.

To the extent Delger claims that he should be entitled to early release because of his experience with START, he cannot pursue such a claim under 42 U.S.C. § 1983. To the extent he believes he is not receiving adequate mental health treatment, he cannot make that claim against the START program.

Because it is possible that Delger might make a claim against other persons or in a different cause of action, the Court will not assess a strike against him. This action against the START program, however, should be dismissed with prejudice.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

**IV. Letter to Clerk of Court**

Regarding Delger's inquiry regarding copies of the documents in this case, *see* Letter (doc. 3-2), the Clerk will be directed to include a copy of his Complaint with his copy of this Order. Delger is also advised that no one at the Court is permitted to give him legal advice.

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Delger's Complaint (doc. 1) be DISMISSED WITH PREJUDICE.

The Clerk of Court shall serve a copy of the Findings and Recommendation upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

The Clerk of Court shall include a copy of Delger's Complaint with his service copy of the Findings and Recommendation.

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

DATED this <u>7th</u> day of November, 2006.

                                          <u>/s/ Richard W. Anderson</u>
                                          Richard W. Anderson
                                          United States Magistrate Judge